```
USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #: _____
DATE FILED: _9/17/2021_
```

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

Jorge Gomez,

                Plaintiff,

-against-

Henry Street Settlement, Renee Best, Priscilla DelSol-Hill,

                Defendants.

20 Civ. 5585 (AT)

**ORDER**

ANALISA TORRES, District Judge:

    Plaintiff *pro se*, Jorge Gomez, brings this employment discrimination action against Defendants, Henry Street Settlement, Renee Best, and Priscilla DelSol-Hill. Compl., ECF No. 2. Before the Court is the Honorable Barbara C. Moses' Report and Recommendation (the "R&R"), ECF No. 27, recommending that the Court grant Defendants' motion to dismiss, to which Plaintiff has timely filed objections, Pl. Obj., ECF No. 30. For the reasons stated below, the Court ADOPTS the R&R in its entirety.

## BACKGROUND[1]

    Plaintiff was employed by the Henry Street Settlement beginning on June 20, 2016. ECF No. 2-1 ¶ 1. He alleges that during his employment, Best, his supervisor, directed racially derogatory language towards Plaintiff, *id.* ¶¶ 4, 11–12, 27, and that DelSol-Hill, a human resources employee, took no action on his complaints, *id.* ¶ 5–6. Plaintiff was fired on February 8, 2018, allegedly because he was aware of "double dipping" from funders by Henry Street Settlement. *Id.* ¶¶ 16–17.

    On March 26, 2018, Plaintiff submitted his complaint to the New York City Commission on Human Rights, alleging racial and national origin discrimination in violation of Title VII and § 8-107 of the New York City Administrative Code. *Id.* ¶ 20.

---

[1] The Court presumes familiarity with the facts and procedural history, which are set forth in the R&R, and, therefore, only briefly summarizes them here. *See* R&R at 1–4. The facts are taken from the complaint and the R&R.

On March 4, 2020, an Equal Employment Opportunity Commission dismissal and notice of rights letter (the "Right to Sue Letter") was sent to Plaintiff. ECF No. 17-1.[2] However, Plaintiff did not receive it until "the end of March or early April," because he was staying at his son's mother's house assisting her with care of their son. ECF No. 2-1 ¶ 25.

On July 20, 2020, Plaintiff filed this action. Compl. On December 14, 2020, Defendants moved to dismiss under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6). ECF No. 15. The Court referred the motion to Judge Moses for a report and recommendation. ECF No. 20.

On July 27, 2021, Judge Moses issued the R&R, recommending that the Court construe Plaintiff's allegations as "a hostile work environment claim, based on race and national origin, as well as a retaliation claim, in each case pursuant to Title VII, the New York State Human Rights Law (NYSHRL), N.Y. Exec. Law §§ 290 *et seq.*, and the NYCHRL," R&R at 9, and that the Court dismiss Plaintiff's Title VII claims as time-barred and his state and city claims for lack of subject matter jurisdiction, *id.* at 1.

## DISCUSSION

I.    <u>Legal Standard</u>

A district court "may accept, reject, or modify, in whole or in part, the findings or recommendations made by the magistrate judge." 28 U.S.C. § 636(b)(1)(C). When a party makes specific objections, the court reviews *de novo* those portions of the report and recommendation that have been properly objected to. *Id.*; Fed. R. Civ. P. 72(b)(3). However, "when a party makes only conclusory or general objections, or simply reiterates his original arguments," the court reviews the report and recommendation strictly for clear error. *Wallace v. Superintendent of Clinton Corr.*

---

[2] Plaintiff did not submit a copy of the Right to Sue Letter. *See* Compl. However, Defendants submitted a copy with their motion to dismiss briefing, which the Court takes judicial notice of. ECF No. 17-1; *Lester v. Mount Pleasant Cottage Sch. Union Free Sch. Dist.*, No. 19 Civ. 5247, 2020 WL 3618969, at *4 n.2 (S.D.N.Y. July 2, 2020).

*Facility*, No. 13 Civ. 3989, 2014 WL 2854631, at *1 (S.D.N.Y. June 20, 2014); *see also Bailey v. U.S. Citizenship & Immigration Serv.*, No. 13 Civ. 1064, 2014 WL 2855041, at *1 (S.D.N.Y. June 20, 2014) ("[O]bjections that are not clearly aimed at particular findings in the [report and recommendation] do not trigger *de novo* review."). An order is clearly erroneous if the reviewing court is "left with the definite and firm conviction that a mistake has been committed." *Easley v. Cromartie*, 532 U.S. 234, 242 (2001) (quotation marks and citation omitted).

In addition, "new arguments and factual assertions cannot properly be raised for the first time in objections to the report and recommendation, and indeed may not be deemed objections at all." *Razzoli v. Fed. Bureau of Prisons*, No. 12 Civ. 3774, 2014 WL 2440771, at *5 (S.D.N.Y. May 30, 2014). The Court may adopt those portions of the report and recommendation to which no objection is made "as long as no clear error is apparent from the face of the record." *Oquendo v. Colvin*, No. 12 Civ. 4527, 2014 WL 4160222, at *2 (S.D.N.Y. Aug. 19, 2014) (quotation marks and citation omitted).

II.     Plaintiff's Objections

Plaintiff appears to object to Judge Moses' conclusion that his Title VII claims are time-barred. Pl. Obj. at 1.[3] In support of that argument, Plaintiff has submitted the April 12, 2021 mediation statement of William Bell, Esq., who made a limited appearance as the mediation attorney for Plaintiff. Pl. Obj. at 3, 10. Because this argument was, therefore, available to Plaintiff well before his opposition to the motion to dismiss was submitted on July 6, 2021, ECF No. 25, but Plaintiff did not pose it to Judge Moses, *id.*, it "may not be deemed [an] objection[] at all," *Razzoli*, 2014 WL 2440771, at *5. Nevertheless, the Court finds no clear error in the R&R's conclusions. Judge Moses did not rely on the cases cited by Bell, but instead relied upon a plethora of authority from this Circuit to determine that the 90-day filing time limit applies. R&R at 5–7, 10–13; Pl. Obj.

---

[3] Citations to Plaintiff's objections refer to the ECF page number.

at 6.  Moreover, though not specifically posed in the briefing to her, Judge Moses considered Plaintiff's additional arguments that his *pro se* status exempted him from the time bar, that he was "pre-occupied" with the effects of the COVID-19 pandemic, particularly due to his son's health conditions, and that Plaintiff believed he was unable to file his case due to the pandemic.  R&R at 9, 11–13; Pl. Obj. at 5–7.  The Court finds no clear error in Judge Moses' conclusions.  *See Johnson v. St. Barnabas Nursing Home*, 368 F. App'x 246, 247–48 (2d Cir. 2010) (dismissing *pro se* litigant's Title VII suit as untimely because it was filed six days after her 90-day limitations period expired); *Gager v. Principi*, 300 F. App'x 30, 31 (2d Cir. 2008) ("Although [the *pro se* plaintiff] contends that she lost track of time and dates due to deaths in her family and her father's illness, these circumstances are insufficient to warrant equitable tolling because she did not act diligently during the ninety-day period."); *Willard v. Indus. Air, Inc.*, No. 20 Civ. 823, 2021 WL 309116, at *4 (M.D.N.C. Jan. 29, 2021) ("Other courts that have considered the issue have not found that the COVID-19 pandemic justifies equitable tolling absent a corresponding showing that the pandemic prevented the plaintiff from timely filing suit." (collecting cases)).

Plaintiff also contends that his submission to the New York City Commission on Human Rights, and purported evidence of discrimination, constitutes "very clear[] . . . proof" of his claims. Pl. Obj. at 1, 21–48.  To the extent the submission was not included in the complaint or the briefing before Judge Moses, the Court does not consider it an objection.  *Razzoli*, 2014 WL 2440771, at *5. And, to the extent it is a vague objection, the Court reviews it for clear error, and finds none. *Wallace*, 2014 WL 2854631, at *1.  Judge Moses properly concluded that Plaintiff's Title VII claim was time-barred and the Court should not take supplemental jurisdiction of his state claims. Additional evidence on the merits of Plaintiff's claim—even assuming the Court could consider it on a motion to dismiss—is not relevant to that determination.

Additionally, the fourth and fifth paragraphs of Plaintiff's objections, arguing the merits, are

copied verbatim from Plaintiff's opposition to the motion to dismiss.  *Compare* Pl. Obj. at 1 *with* ECF No. 25.  Therefore, the Court reviews it for clear error, and finds none for the same reason.  *Wallace*, 2014 WL 2854631, at *1.

Next, Plaintiff states that "a reason has not been given for the dismissal of my case."  Pl. Obj. at 1.  This vague and general objection is reviewed for clear error, and the Court finds none; the R&R clearly states the reasons for dismissal.  *Wallace*, 2014 WL 2854631, at *1.

Finally, Plaintiff requests that the case not be dismissed to permit him time to find legal assistance.  Pl. Obj. at 1.  Plaintiff cites no legal authority for this request.  Moreover, insofar as this is a new argument raised to the Court for the first time, the Court may not consider it on objections to a motion to dismiss.  *Razzoli*, 2014 WL 2440771, at *5.

Accordingly, Plaintiff's objections are OVERRULED.

## CONCLUSION[4]

For the reasons stated above, the Court ADOPTS the R&R in its entirety, and Defendants' motion to dismiss is GRANTED.  The Clerk of Court is directed to terminate the motion at ECF No. 15, to mail a copy of this order to Plaintiff *pro se*, and to close the case.

SO ORDERED.

Dated: September 17, 2021
      New York, New York

                                               ANALISA TORRES
                                               United States District Judge

---

[4] The Court has reviewed the remainder of the R&R for clear error, and finds none.